YATES (BAGLEY v.). See Case No. 725.
YATES (BULLEN v.). See Case No. 2,123.

## Case No. 18,127.

YATES et al. v. CURTIS.

[5 Mason, 80.][1]

Circuit Court, D. Rhode Island. June Term, 1828.

FOLLOWING TRUST PROPERTY — PRINCIPAL AND AGENT.

Wherever the principal can trace his property in the hands of his factor or agent, and distinguish it from the mass of the property of the latter, he is entitled to recover it from the agent, or in case of his failure, from his assignees.

Assumpsit for money had and received. Plea, the general issue. At the trial it appeared, that J. B. Wood had been employed by the plaintiffs to sell and dispose of large numbers of lottery tickets in different lotteries on their own account, he receiving a commission therefor. The accounts kept by the parties debited Wood with all the tickets received, and credited him with all tickets returned to the plaintiffs [Yates & McIntire], and credited them with the balance struck, deducting commissions. Some alterations were latterly made by the parties in their form of keeping the accounts for their own convenience; but the substance of the contract between them remained unaltered. Wood failed in business on the 8th of May, 1828, and assigned his property to the defendant [George Curtis] for the benefit of his creditors. Considerable sums were outstanding, due from third persons for the lottery tickets so sold, at the time of the failure, some part of which had been since received by the assignee; and for the money so received, the present suit was brought. It appeared that on the face of some of the tickets Wood's name was used in connexion with that of the plaintiffs, but any partnership concern was negatived by the testimony. A clerk of Wood, on the trial stated, that all the tickets received from the plaintiffs, and all the sums now outstanding on the sales thereof, were perfectly capable of designation and separation from the other property of Wood.

Upon this evidence coming out, the counsel for the parties submitted the question to the court, whether the plaintiffs were entitled to recover. If they were, then a verdict was to be taken for the plaintiffs, for a nominal sum, and the verdict was to be enlarged and altered, as the accounts, hereafter stated, should show that the plaintiffs were entitled to recover.

Mr. Whipple, for plaintiffs.
Mr. Searle, for defendant.

STORY, Circuit Justice. Upon the facts, there does not seem any room for controversy.

[1] [Reported by William P. Mason, Esq.]

The case of Thompson v. Perkins [Case No. 13,972], following Scott v. Surman, Willes, 400, settles the principle of law, that where a party can trace his property in the hands of his agent, and distinguish it from the mass of the property of the lattter, he is entitled to recover it. Here, it is capable of designation; and the outstanding dues on the sale of the lottery tickets belong to the plaintiffs, and the sums received by the defendant since the insolvency of Wood, are the property of the plaintiffs, and recoverable by them.

Verdict for plaintiffs according to agreement of the parties.